## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

COTTRELL LAVALL FLUDD,

        Petitioner,

    v.

WARDEN FCI FAIRTON,

        Respondent.

Civil Action
No. 22-5292 (CPO)

**OPINION**

**O'HEARN, District Judge.**

Petitioner is a federal prisoner currently incarcerated at Federal Correctional Institution Butner, in Butner, North Carolina. He is proceeding *pro se* with an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (hereinafter "Petition"). (ECF No. 3.) For the reasons stated in this Opinion, the Court will dismiss the Petition for Petitioner's failure to exhaust his administrative remedies.

## I.      BACKGROUND [1]

This case arises from the Bureau of Prison's ("BOP") calculation of Petitioner's earned time credits ("ETC") under the First Step Act ("FSA"), 28 C.F.R. § 523.40 *et. seq.* Petitioner contends that he has earned 1276.5 days of ETC toward early supervised release or early transfer to a community corrections center. (ECF No. 3, at 19–22.)

He alleges that the BOP refused to apply those credits, during his October 5, 2022, assessment. (*Id.* at 6–8, 18–22.) If Petitioner is aware of the reasoning behind the BOP's assessment, he did not include that information in his Petition. It appears that Petitioner did not

---

[1] The Court will construe the factual allegations in the Petition as true for the purpose of this screening only. The Court has made no findings as to the veracity of Petitioner's allegations.

challenge that assessment directly with the BOP, choosing instead to initiate this habeas action. (*Id*. at 2–3, 11.)

As Petitioner admitted that he did not exhaust his administrative remedies, the Court ordered a limited answer on the issue of exhaustion. (ECF No. 4.)  Respondent filed his limited Answer, (ECF No. 7), and Petitioner did not file a reply.

## II.      STANDARD OF REVIEW

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).  If a court does not dismiss the petition at the screening stage, the court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

## III.      DISCUSSION

The Court must address the issue of exhaustion as it appears on the face of the Petition that Petitioner has failed to exhaust his administrative remedies.  Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner may not ordinarily bring a § 2241 petition, challenging the execution of his sentence, until he has exhausted all available administrative

remedies. *E.g.*, *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

Courts require exhaustion for three reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761–62; *see also Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988). Nevertheless, exhaustion is not required where it would not promote these goals, such as where exhaustion "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm" *Lyons*, 840 F.2d at 205; *see also, e.g.*, *Gambino*, 134 F.3d at 171 (finding that exhaustion is not required where petitioner demonstrates futility).

To determine whether a prisoner has exhausted his administrative remedies, courts look to the agency's applicable grievance procedure and rules, in this case, the BOP. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Pursuant to the BOP's administrative remedy program, an inmate must generally attempt to informally resolve the issue by presenting it to staff through a BP-8 form. *See* 28 C.F.R. § 542.13. If that fails to informally resolve the issue, then the inmate may submit a BP-9 form to the warden. *See* 28 C.F.R. § 542.14. An inmate who is dissatisfied with the warden's response may appeal to the regional director with a BP-10, and an inmate who is dissatisfied with the regional director's decision may appeal to the general counsel in the central office, through a BP-11. *See* 28 C.F.R. § 542.15(a). An appeal to the general counsel is the final level of administrative appeal. *Id.*

With those principles in mind, Petitioner concedes that he has not exhausted his administrative remedies. (ECF No. 3, at 2–3, 8, 11.)  Petitioner argues that he is not required to exhaust because "exhaustion of administrative remedies [is] not required/necessary in habeas motions for First Step Act credit." (*Id*. at 8.)  He relies solely on a case from the Southern District of Florida,[2] *Kotler v. United States*, Civ. No. 22-22236, which held that "requiring [p]etitioner to exhaust his administrative remedies at this juncture could defeat the ends of justice." (ECF No. 7-3, at 2.)

As a preliminary matter, a decision from the Southern District of Florida is not binding on this Court.  Further, *Kotler* is not persuasive.  It does not stand for the proposition that exhaustion is never required in FSA cases. (*See id*. at 2–3.)  Rather, in *Kotler*, the court reasoned that requiring exhaustion may "defeat the ends of justice" because Mr. Kotler had argued that he was entitled to release "in about one month," while the exhaustion process "could take months." (*Id*. at 3.)  More importantly, however, the court thereafter dismissed the case for failure to exhaust, because it was later revealed that Mr. Kotler had ample time to exhaust his administrative remedies.

Further, this Court, and other courts within the Third Circuit, "have repeatedly rejected the argument that a federal prisoner can be excused from the exhaustion requirement simply because he is approaching his projected release date and may not finish his administrative appeal[s] before a potential habeas claim would become moot." *Sutton v. Moser*, No. 19-210, 2019 WL 2743959, at *4 (W.D. Pa. July 1, 2019) (citing *Allah v. Rechtenwald*, No. 15-267, 2016 WL 6081524, *3 (W.D. Pa. Aug. 19, 2016)) (listing cases); *see also, e.g.*, *Moore v. Hutchinson*, No. 1:23-52, 2023 WL 8545280, at *3 (W.D. Pa. Dec. 11, 2023); *Bortolotti v. Knight*, No. 22-6137, 2022 WL

---

[2] Petitioner had incorrectly referred to the Southern District of Florida as the Eleventh Circuit. (ECF No. 3, at 11.)

17959577, at *2 (D.N.J. Dec. 27, 2022); *Rosales v. Hollingsworth*, No. 15-3840, 2015 WL 4314572, at *2 (D.N.J. July 14, 2015).

Courts have rejected these time restriction arguments because they allow prisoners to engage in the self-serving strategy of waiting until it is too late to engage in the administrative remedy process, and then argue that there is insufficient time for those remedies to run their course. *E.g.*, *Bortolotti*, 2022 WL 17959577, at *2; *Ortiz v. Zickefoose*, No. 10-6767, 2011 WL 6140741, at *4 (D.N.J. Dec. 8, 2011) (citing cases); *Velez v. Zickefoose,* 2010 WL 5186158 at *3–4 (D.N.J. Dec.15, 2010) ("such self-serving strategy has never been rewarded by the courts with habeas relief").

Further, "Petitioner's case fits squarely within the parameters of the purposes of exhaustion." *Bortolotti*, 2022 WL 17959577, at *3. First, the fact that Petitioner has not alleged why he believes that the BOP has refused to provide him with ETCs shows the need for him "to attempt to resolve this at the administrative level first" and develop a factual record. *See, e.g.*, *Chaparro v. Ortiz*, No. 20-5272, 2020 WL 4251479, at *5 (D.N.J. July 24, 2020) (noting the need to develop the factual record when the BOP's efforts are in dispute). "Second, Petitioner could potentially obtain relief from the BOP without using judicial resources." *Bortolotti*, 2022 WL 17959577, at *3, *Furando v. Ortiz*, No. 20-3739, 2020 WL 3264161, at *3 (D.N.J. June 17, 2020). The BOP could very well grant Petitioner the relief he seeks. *See Shoup v. Shultz*, No. 09-0585, 2009 WL 1544664, at *5 (D.N.J. June 2, 2009) ("Having no information as to what the decisions of these officials would be, this Court cannot find . . . [that] these decisions would be 'hypothetically illegal,' same as the Court cannot deem the exhaustion process 'futile.'"). Finally, as Petitioner is confident that the BOP has made a mistake, the BOP should have an opportunity to correct its own errors. *Bortolotti*, 2022 WL 17959577, at *3. Consequently, the Court finds that

requiring Petitioner to exhaust his administrative remedies would promote the goals of exhaustion, and that exhaustion is not futile in this case.

## IV.    CONCLUSION

For the reasons above, Petitioner has not shown that exhaustion would be futile or that his case otherwise merits excusing the exhaustion requirement.  Accordingly, the Court will not excuse his failure to exhaust, and will dismiss the Petition for his failure to exhaust his administrative remedies.  This dismissal is without prejudice to the filing of a new petition pursuant to 28 U.S.C. § 2241, under a new docket number, after Petitioner has exhausted his administrative remedies. An appropriate Order follows.


DATED:  January 16, 2024

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**